UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANDON DORNBLUT,

                    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

NOT FOR PUBLICATION

MEMORANDUM OF
DECISION AND ORDER
17-cv-4682 (LDH)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Plaintiff Brandon Dornblut, proceeding pro se, appeals the decision of Defendant Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits. The Commissioner moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, requesting that the Court affirm the Commissioner's determination that Plaintiff was not disabled. Defendant's motion is unopposed.

## BACKGROUND[1]

On June 23, 1998, when Plaintiff was three years old, the Commissioner deemed Plaintiff to be disabled under Title XVI of the Social Security Act (the "Act"), based on speech and language delays and borderline intellectual functioning, and Plaintiff began receiving supplemental security income (SSI) benefits. (Tr. 113-14.)[2] Plaintiff turned eighteen on March 6, 2013. (*See id.*) On August 28, 2013, the Commissioner determined that Plaintiff was no

---

[1] Because the Commissioner's motion is unopposed, the Court adopts the facts set forth in the Commissioner's moving brief as if set forth fully herein. *See Jackson v. Fed. Express*, 766 F.3d 189, 197 (2d Cir. 2014) (noting that where a motion is unopposed "there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the record or otherwise serve as an assistant to our law clerks").
[2] Citations to "Tr." refer to the certified copy of the administrative record of proceedings filed by the Commissioner as part of her answer. (ECF No. 8.)

longer eligible for SSI under the adult disability criteria. (*Id.* at 116-27.) On September 11, 2013, Plaintiff requested reconsideration of this determination. (*Id.* at 128-32.) Plaintiff alleges that he is disabled due to asthma, attention deficit hyperactivity disorder ("ADHD"), and a learning disorder not otherwise specified ("NOS"). (*Id.* at 43, 225, 328, 354.) On January 28, 2014, a disability hearing officer found that Plaintiff was not disabled. (*Id.* at 135-58.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 8, 2015. (*Id.* at 68-113, 161-64.) On February 23, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. (*Id.* at 38-57.) Plaintiff filed a request for review, which was denied by the Appeals Council on June 29, 2017, making the ALJ's decision final. (*Id.* at 1-6.)

## STANDARD OF REVIEW

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."). Even where a motion for judgment on the pleadings is unopposed, the court must still review the entire record and ensure that the moving party is entitled to judgment as a matter of law. *See Martell v. Astrue*, No. 09-CV-1701, 2010 WL 4159383, at *2 n.4 (S.D.N.Y. Oct. 20, 2010) (confirming the court's obligation to review the entire record in deciding an unopposed motion for judgment on the pleadings in a social security benefits case); *McDowell v. Comm'r of Soc. Sec.*, No. 08-CV-1783 NGG, 2010 WL 5026745, at *1 (E.D.N.Y. Dec. 3, 2010) ("Even where such a motion is unopposed, the court may not grant the motion by default."). Furthermore, when a plaintiff proceeds pro se, the court will read his submissions liberally and

"interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993)).

Under the Social Security Act, a disability claimant may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . . ."). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex. rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012)

(citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

In making a disability determination, an ALJ must properly follow the sequential five-step process set out in the Code of Federal Regulations for Social Security ("the Regulations"). *See* 20 C.F.R. §§ 404.1520(a)–(h). According to the Regulations, the ALJ must first determine whether the claimant is engaged in substantial gainful activity. *Id.* § 404.1520(b). If not, the ALJ must proceed to the second step to determine whether the claimant has a severe medically determinable impairment or combination of impairments. *Id.* § 404.1520(c). An impairment is severe if it significantly limits a claimant's abilities to perform "basic work activities." *Id.* If the claimant has a medically determinable severe impairment, the ALJ will proceed to step three to determine whether any identified severe impairments meet or medically equal those identified in Appendix 1 to the Act. *Id.* § 404.1520(d). Such impairments are per se disabling if a claimant meets the durational requirements. *Id.* If a claimant's impairments are not per se disabling, the ALJ proceeds to step four to assess the claimant's ability to work in light of his limitations, otherwise known as his residual functional capacity ("RFC"). *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e), 404.1545(a)(1). At step five, the ALJ must establish whether the claimant's RFC

will allow him to perform past relevant work. *Id.* § 404.1520(f). If the claimant's RFC precludes him from performing past relevant work, the ALJ bears the burden of proving that, given her, age, education, work experience, and RFC, the claimant can perform other work that exists in significant numbers in the national economy. *Id.* § 404.1520(g)(1). If such work exists, then the claimant is not disabled. *Id.*

## DISCUSSION

### I. The ALJ's Findings

In determining whether Plaintiff was disabled, the ALJ followed the sequential five-step process. *First*, the ALJ found that Plaintiff was not engaged in substantial gainful activity. (Tr. 42); *see also* 20 C.F.R. § 416.987(b). *Second*, the ALJ determined that Plaintiff had the following severe impairments: asthma, ADHD, and a learning disorder NOS. (Tr. 43.) *Third*, the ALJ found that none of Plaintiff's severe impairments met or medically equaled the severity of a listed impairment. (*Id.*) *See* 20 C.F.R. Part 404, Subpart P, App'x 1. *Fourth*, the ALJ determined that Plaintiff had the RFC "to perform a full range of repetitive, unskilled work at all exertional levels." (*Id.* at 45.) The ALJ found, however, that Plaintiff "should work in a low stress environment defined as [one requiring only] occasional judgment, occasional decision-making, and occasional changes in work setting." (*Id.*) The ALJ also found that Plaintiff could perform simple, routine, and repetitive tasks, but would need to be limited to occasional interactions with supervisors, co-workers, and the public, and avoid concentrated exposure to respiratory irritants. (*Id.*) *Fifth*, the ALJ determined that while Plaintiff had no past relevant work, jobs existed in the national economy in significant numbers that Plaintiff could perform. (*Id.* at 50.) Specifically, the ALJ credited the vocational expert's testimony that Plaintiff could perform as a Hand Packer (DOT 920.587-018), Laborer for Stores (DOT 922.687-058), or Office Cleaner (DOT 323.687-014). (*Id.* at 51.)

5

Defendant argues that the ALJ's determinations were supported by substantial evidence and should be affirmed. (Mem. Law Supp. Def.'s Mot. S.J. ("Def.'s Mem.") at 1, ECF No. 16.) The Court disagrees.

## II. The Treating Physician Rule

The "treating physician rule" is a series of regulations set forth in 20 C.F.R. § 404.1527 detailing the weight to be accorded to a treating physician's opinion. An ALJ is to consider each and every medical opinion in a claimant's administrative record. *See id.* § 404.1527(c). But an ALJ must generally give the medical opinion of a treating physician "controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999) (citing *Clark*, 143 F.3d at 118); *accord Shaw*, 221 F.3d at 134. The reason for preferring the findings of a treating physician is plain: the treating physician is in a more capable position to provide a detailed picture of the claimant's impairments than, as here, consultative physicians who each saw the claimant one just one occasion. *See* 20 C.F.R. § 404.1527(c)(2); *Estela-Rivera v. Colvin*, No. 13 CV 5060, 2015 WL 5008250, at *13 (E.D.N.Y. Aug. 20, 2015) (explaining preference for treating source opinions).

Here, Plaintiff sought treatment for ADHD and a learning disorder NOS at the Guidance Center of Brooklyn Clinic (the "Guidance Center") beginning in February 2010. (Tr. 328-35.) At the Guidance Center, Plaintiff received psychiatric treatment from Doctors Jeanie Tse and Frantz H. Lubin. (*See id.* at 328, 359.) On November 6, 2015, Dr. Lubin and a social worker, David Ochshorn, completed a residual functional capacity report (the "Report") regarding Plaintiff. (*Id.* at 421-31.) In the Report, Dr. Lubin found that Plaintiff had moderate to marked limitations in concentration, persistence, and pace. (*Id.* at 423.) Dr. Lubin noted that Plaintiff's psychiatric impairments caused him to experience deterioration or decompensation during his

6

summer 2013 six-week internship in a small woodworking shop. (*Id.* at 366-67.) Dr. Lubin stated that such deterioration or decompensation led Plaintiff to withdraw from difficult situations or experience exacerbation of psychiatric signs or symptoms. (*Id.* at 423.) Dr. Lubin opined that Plaintiff could not get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes because of his ADHD and impulsivity. (*Id.* at 429.) Although the Report indicated that Plaintiff had a Global Assessment of Functioning ("GAF")[3] score of 60, Dr. Lubin found that Plaintiff could not maintain a regular schedule, be punctual within customary tolerances, and sustain an ordinary routine without special supervision. (*See id.* at 424-430.) Based on his assessment, Dr. Lubin, concluded that Plaintiff's ADHD and a learning disorder severely hindered his ability to handle part-time or full-time competitive work. (*Id.* at 423.)

The ALJ considered, but gave little weight, to the Report. (*Id.* at 50.) The ALJ criticized the Report as "inconsistent" with Dr. Lubin and Mr. Ochshorn's previous progress notes and two January 2014 assessments, in which they stated that Plaintiff successfully completed his Summer 2013 internship in the woodworking shop. (*Id.* at 50, 355-59, 362-68.)

As an initial matter, the ALJ's determination that the Report was inconsistent with other Guidance Center assessments is not supported by the record. Instead, the ALJ appears to have simply ignored prior Guidance Center assessments that were consistent with the Report. For example, on January 29, 2014, Dr. Lubin completed a medical impairment questionnaire finding that Plaintiff had "ongoing issues with focus, attention span, and additional learning issues" and

---

[3] GAF is a rating of overall psychological functioning on a scale of 0 to 100. A GAF of 41 to 50 indicates serious symptoms or serious impairment in social, occupational, or school functioning. A GAF of 51 to 60 indicates moderate symptoms or moderate difficulty in social, occupational or school functioning. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders-Text Revision* 34 (4th ed., rev. 2000) (DSM-IV).

7

was not capable of handling any sort of budgeting.[4]  (*Id.* at 362, 366.)  Similarly, a January 14, 2014 report, completed by Mr. Ochshorn and signed by Dr. Lubin, found that Plaintiff exhibited marked difficulty in doing any sort of budgeting, keeping appointments, communicating clearly and effectively, showing consideration for others, and avoiding altercations.  (*Id.* at 355, 357-59.)  The assessment further noted that Plaintiff's inability to concentrate remained a significant issue.  (*Id.* at 358.)  Moreover, the assessment stated that Plaintiff had marked difficulty in exhibiting social maturity, emphasizing that he was "very, very delayed" and, even at 18 years old, needed a special-education placement.  (*Id.* at 356, 357.)  Therefore, contrary to the ALJ's determination, the January 2014 assessments supported, rather than undermined, the Report's finding that Plaintiff could not maintain full-time employment.

The ALJ similarly ignored portions of the consultative medical record that were consistent with the Report.  On October 2, 2015, Johanina McCormick, Ph.D., performed a consultative psychiatric evaluation.  (*Id.* at 380-87.)  Dr. McCormick found that Plaintiff was moderately to markedly impaired in relating adequately with others.  (*Id.* at 382.)  Further, Dr. McCormick stated that Plaintiff was markedly impaired in his ability to:  (1) learn new tasks; (2)

---

[4] In addition to claiming that the Report was inconsistent with the January 29, 2014 report—a contention this Court rejects—the ALJ criticized certain findings in the January 29, 2014 report as vague and not specifically indicating Plaintiff's capacity for performing the requirements of full-time competitive work on a sustained basis.  (Tr. 49.)  But to the extent that Dr. Lubin's assessments were inconsistent and lacked sufficient detail or clarity, the ALJ was obliged to probe further.  That is, the Regulations specifically require an ALJ to "'seek additional evidence or clarification from [the claimant's] medical source when the report from [that] medical source . . . does not contain all the necessary information . . . .'"  *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347-48 (E.D.N.Y. 2010) (quoting 20 C.F.R. § 404.1512(e)(1)).  Even if Dr. Lubin failed to include detailed findings and explain any inconsistencies in his assessments of Plaintiff's conditions, this does not mean that such explanation and support do not exist.  *See Clark*, 143 F.3d at 118 (2d Cir. 1998) (remanding for development of the record to explain inconsistencies and gaps recognizing that "[doctor's] failure to include this type of support for the findings in his report does not mean that such support does not exist; he might not have provided this information in the report because he did not know that the ALJ would consider it critical to the disposition of the case"); *accord Falco v. Astrue*, 07-CV-1432, 2008 WL 4164108, at *5 (E.D.N.Y. Sept. 5, 2008) (quoting *Rosa*, 168 F.3d at 80)).  Rather than seeking additional information as required under the Regulations, the ALJ simply discounted Dr. Lubin's opinions and afforded them little weight.  This was error.

make judgments on simple and complex work-related decisions; and (3) understand, remember, and carry out complex instructions. (*Id.* at 382, 384.) Ultimately, Dr. McCormick concluded that Plaintiff's psychiatric and cognitive problems could significantly interfere with his ability to function on a regular basis. (*Id.* at 382.)

The ALJ's failure to properly credit Plaintiff's treating medical sources was error. The Court remands with instructions to the ALJ to properly consider Plaintiff's treating medical sources in light of the treating physician rule.[5]

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is denied in its entirety. Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision is remanded for further proceedings and additional findings consistent with this order. The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED:

/s/LDH

LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
December 21, 2018

---

[5] On June 19, 2017, Plaintiff submitted additional evidence to the Appeals Council in support of his application for benefits. (*See* Tr. 9-37, 58-62, 198-99, 272-79.) While Defendant argues that this new evidence did not need to be considered (Def.'s Mot. at 24-25), on remand the ALJ should determine what, if any, weight to provide this evidence.